IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESUS SANDOVAL, §<br>  #39494-177, §<br>          MOVANT, §<br> §<br>v.                                             §<br> §<br> §<br>UNITED STATES OF AMERICA, §<br>          RESPONDENT. § | CIVIL CASE NO. 3:19-CV-1747-M-BK<br>(CRIMINAL CASE NO. 3:09-CR-320-M-2) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Jesus Sandoval's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. For the reasons outlined here, the Section 2255 motion should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On November 18, 2019, the Court vacated the order accepting the recommendation of the magistrate judge and judgment dismissing Sandoval's Section 2255 motion for failure to comply with a court order and granted his request to extend time to file an amended, successive Section 2255 motion under the holding of *United States v. Davis*, — U.S. —, 139 S. Ct. 2319 (2019). Doc. 8; Doc. 7. The deadline for Movant's response was extended to December 18, 2019. As of the date of this recommendation, however, Movant has again failed to respond to the Court's order, nor has he sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Movant has been given ample opportunity to respond to the Court's order. He has impliedly refused or declined to do so. Consequently, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on February 24, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] On November 22, 2019, Movant filed a *Petition for Leave to File a Second or Successive Motion 28 U.S.C. § 2255* under the holding in *Davis*, which is still pending before the United States Court of Appeals for the Fifth Circuit. *See In re Sandoval*, No. 19-11257. That notwithstanding, Movant is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing a motion to vacate sentence, *see* 28 U.S.C. § 2255(f), and that this provision will be applicable to any subsequent motion that he may file in this court.

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).